## SUFFICIENT EVIDENCE TO ESTABLISH A TRUST IN REAL PROPERTY.

Circuit Court of Cuyahoga County.

JOHN F. LIEBLEIN v. JACOB LIEBLEIN AND BRIDGET LIEBLEIN.*

Decided, January 26, 1905.

*Evidence Sufficient to Establish a Trust.*

In an action by a son to establish a trust in property voluntarily conveyed by himself and his sister to his father and by the father conveyed without consideration to the sister, the testimony of the principal parties being in direct conflict, but that of plaintiff consistent and reasonable and supported in important details by the testimony of a disinterested witness, while that of the sister was incredible, given in a manner not inspiring confidence, and was unsupported except by the father who was seventy-eight years old and appeared to be under the domination of his daughter, *Held:* That the evidence was sufficiently clear and convincing to establish a trust.

*Foran & McTighe,* for plaintiff.
*Hart, Canfield & Croke,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Bridget Lieblien died in 1897 leaving four parcels of real estate and certain money in the bank. Plaintiff is her son; defendant Jacob Lieblein, widower and father of plaintiff; Bridget F. Lieblein is the sister of plaintiff. The brother and sister inherited their mother's estate, subject to their father's dower therein.

July, 1898, the son and daughter deeded the real estate to their father; the deeds were absolute upon their face without reservation of any kind, and defendants claim that by said deeds a gift to the father was intended.

Plaintiff claims that as to his interest the deeds, while absolute in form, were intended to vest the title to the property in the father, in trust, to keep the estate intact, manage it, make an

---

*Affirmed without opinion, *Lieblein* v. *Lieblein*, 74 Ohio State, 496.

advantageous sale to the city for boulevard purposes, if possible, and render to the son his share, in money or lands, at any time upon request, also accounting to him for rents and profits.

The father, after he received said deeds, sold one lot to the city for $2,100, receiving the proceeds thereof, which he turned over to the daughter, and in April, 1901, he deeded the other lots, three in number, to the daughter as a gift to her, as she and the father claim.

Thereupon plaintiff demanded his share of the property and an accounting and upon its being denied him, brought this suit to declare a trust in said premises and for an accounting.

We have heard the witnesses in this case, it being heard upon appeal, and the law requiring that in such cases the evidence establishing the trust and its terms must be clear and convincing, we have found much difficulty in adjusting the equities between the parties.

There is an irreconcilable conflict between the story told by plaintiff and his witness Bogue, and the story told by the defendants. Both can not be true; one or the other is absolutely false.

The testimony of the plaintiff is consistent and reasonable; many details of it are substantiated by Bogue.

The story told by the defendant sister is incredible; we do not believe it. Her manner on the stand and evasion of questions asked by the court discredit her.

It is with regret that we are compelled to disregard the testimony of the father. He is seventy-eight years old, quite feeble and resides with his daughter, refusing to have anything to do with his son. We think his will is subordinated to hers and his testimony must be weighed in view of his surroundings.

We have concluded to grant the prayer of the petition and order that one-half of the unsold real estate be conveyed to him, subject to the father's dower interest therein. As to the accounting, plaintiff is entitled to half of the proceeds of the lots sold, less his father's dower interest therein. We do not think plaintiff has established his right to an accounting of the rents and profits.

Decree may be drawn as indicated. Judgment for plaintiff.